## Case No. 18,077.

### WRIGHT v. FILLEY.

[1 Dill. 171;[1] 4 N. B. R. 610 (Quarto, 197); 5 West. Jur. 212; 3 Leg. Gaz. 230.]

Circuit Court, E. D. Missouri. Oct. Term, 1870.

BANKRUPTCY — INTENT TO PREFER — CONSENT TO JUDGMENT AND LEVY.

Where an actual intent to give a preference is negatived, mere honest inaction on the part of an insolvent debtor who is sued on a just debt, and who allows judgment to go against him, and his property to be levied on, is not an act of bankruptcy within the thirty-ninth section of the bankrupt act [of 1867 (14 Stat. 536)].

[Cited in Wilson v. City Bank of St. Paul, 17 Wall. (84 U. S.) 480.]

Wright was proceeded against in the district court for the Eastern district of Missouri, by Filley, a creditor, under the thirty-ninth section of the bankrupt act. The act of bankruptcy charged was, that Wright had "suffered his property to be taken on legal process with intent to give a preference." To establish this the creditors relied on the fact that Wright was indebted to one Carr on two promissory notes, had been sued by Carr on one of them, had made default and allowed judgment to pass against him, and certain land to be seized and sold on the execution issued thereon. The testimony of Wright on the hearing in the bankruptcy court showed that he had no defence to the note. He says, inter alia: "I did not see Carr before he brought suit. I forgot the suit, being out of town the time it was to come off. After he got judgment I endeavored to settle the matter with Carr. He brought suit on the other note, to which I put in a defence and which is still pending. After judgment I tried to get Carr to wait on me, and to effect a compromise with him to prevent my property from being sold under his execution, but he would not consent. I had no desire or intention to give Carr any preference, or to prevent my property being distributed under the bankrupt act." The evidence fairly negatived any actual design on the part of Wright to give Carr a preference or to defeat or delay the operation of the bankrupt act. Wright was not a banker, merchant, trader, or manufacturer. The district court (Judge Krekel sitting in the place of Judge Treat) adjudged Wright to be a bankrupt. To reverse the order Wright filed the present bill in this court under the second section of the bankrupt act, and the matter was argued before MILLER, Circuit Justice, at the October term, 1870.

Dryden, Lindley & Dryden, for Wright.
Samuel S. Boyd, for Filley.

MILLER, Circuit Justice This is a bill in chancery filed in the circuit court for the districts of Missouri to obtain a review and reversal of the order of the district court declaring the complainant to be a bankrupt. The parties waived all question, whether this is the proper mode of obtaining a review of such an order, and desire the circuit court to pass on the merits of the case.

The complainant was declared a bankrupt at the suit of his creditors, and the only ground on which the order can be sustained is, that he suffered a judgment for a small amount to be obtained against him, on which an execution was issued and levied on some of his property.

It seems clear that the complainant was quite poor, and that it might have given him serious inconvenience to have paid a lawyer to prepare his papers for voluntary bankruptcy or to have given security for the fees in such a proceeding. The debt on which the judgment was procured was a real debt, was due and unpaid, and he had no defence against it. There is not the least reason to suppose that he desired to give the creditor who got the judgment any preference or advantage over his other creditors, or that he in any manner whatever suggested or encouraged the suit or the levy of the execution. It is therefore clear that the order of bankruptcy can only be sustained on the ground that he did not go into voluntary bankruptcy when he was sued, and that his failure to do so when he was unable to meet his debts was itself an act of bankruptcy.

I have read the opinions of several eminent district judges asserting this doctrine as essential to the due administration of the bankrupt law, and have the highest respect for these judges and especially for the one who made this order, and I have held up this case to see if I could bring my mind to its adoption. But I cannot satisfy myself that mere honest inaction in a poor man, when his creditor seeks to make by law a just debt, is itself an act of bankruptcy, and if congress means that, they must so far as I am concerned, say it in plainer terms than are to be found in the present law.

Let a decree be entered reversing the order of bankruptcy rendered in the district court. Ordered accordingly.

NOTE. In the opinion delivered by the district judge in this case, he placed his judgment upon the ground that it was the legal duty of a debtor, who knows himself to be insolvent, when sued upon a just debt, which will result in a judgment, that if enforced will give that creditor a preference, to go into voluntary bankruptcy, and that if he fails to do so and his property is seized, this is "suffering it to be taken on legal process," and the intent to give a preference, or to defeat the bankrupt act will or should be inferred from the mere failure to comply with his legal duty, or from the circumstances connected with his situation. See Vanderhoof's Assignee v. City Bank of St. Paul [Case No. 16,842]; Linkman v. Wilcox [Id. 8,374]; Giddings v. Dodd [Id. 5,405].

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]